1    **WO**                                    NOT FOR PUBLICATION

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                      **FOR THE DISTRICT OF ARIZONA**

8

9    America Greener Technologies Incorporated,        No. CV-15-02491-PHX-JJT
     *et al.*,

10                                                      **ORDER**
                         Plaintiffs,

11
     v.
12
     Enhanced Life Water Solutions LLC, *et al.*,
13
                         Defendants.
14

15          At issue are Plaintiffs and Counterdefendants America Greener Technologies Inc.,

16   America Greener Technology Corp., and AGT Software Inc.'s Motion to Dismiss (Doc.

17   138, MTD), to which Defendants and Counterclaimants[1] Enhanced Life Water Solutions

18   LLC, Bruce Barker, Kathleen Barker, Brian Barker, Jane Doe Barker, Steven Clausi,

19   Melissa Clausi, Gary Wilson, Tammie Wilson, and Unknown Parties filed a Response

20   (Doc. 139, Resp. to MTD), and Plaintiffs have filed a Reply (Doc. 142, MTD Reply); as

21   well as Defendants' Motion for Permission to Amend Counterclaim (Doc. 140, MTA), to

22   which Plaintiffs filed a Response (Doc. 143, Resp. to MTA), and Defendants filed a

23   Reply (Doc. 144, MTA Reply). During the pendency of these motions, Plaintiffs have

24   filed a Motion to Amend/Correct the First Amended Complaint (Doc. 159), which the

25   Court will resolve here as well. The Court finds these matters appropriate for decision

26   without oral argument. *See* LRCiv 7.2(f).

27   _____

28          [1] Counterclaims are brought only on behalf of Enhanced Life Water Solutions
     LLC, Bruce Barker, and Gary Wilson, against only America Greener Technologies Corp.

# I.      BACKGROUND

Plaintiffs filed their Complaint (Doc. 1) and application for Temporary Restraining Order and Preliminary Injunction (Doc. 2) on December 9, 2015. Plaintiffs' Complaint asserts claims for patent infringement (of Plaintiffs' Patent No. 8,477,003 ("Patent '003")), breach of contract, breaches of the implied covenant of good faith and fair dealing, conversion, unjust enrichment, tortious interference with contractual relations, unlawful and unfair business trade practices, aiding and abetting the same, and civil conspiracy claims. (Doc. 1.) Defendants filed their Answer and Counterclaim on December 30, 2015. (Doc. 33.) Defendants' Counterclaim alleges similar actions of breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, intentional interference with contractual relations, and unpaid wages. (Doc. 33.) Defendants also filed a Motion to Dismiss three of Plaintiffs' state law claims (Docs. 34-35) on December 30, 2015. Plaintiffs filed an Amended Complaint on January 15, 2016 (Doc. 50) and Defendants filed their Amended Answer and Counterclaim on January 17, 2016 (Doc. 52).

Plaintiffs' application requested that the Court issue a temporary restraining order ("TRO") and preliminary injunction to "enjoin Defendants from their current actions which include infringement of Plaintiffs' patent rights, misappropriation of Plaintiffs' trade secrets, violation of the confidentiality clauses of their employment agreement and the unjust enrichment of Defendants." (Doc. 2 at 1-2.)

On January 28, 2016, the Court held a preliminary injunction hearing (*see* Doc. 82), at which time Plaintiffs' counsel informed the Court that the hearing would be limited to patent infringement and violation of the confidentiality and nondisclosure agreements. (Doc. 85, Tr. at 14.) The vast majority of the hearing focused solely on Plaintiffs' patent infringement claim. (*See* Doc. 85.) The Court and parties also received the report of a Court-appointed neutral expert who inspected the accused device and opined that the device did not infringe on Plaintiffs' patent. (Doc. 82.) On March 23,

2016, the Court entered an Order denying Plaintiffs' Application for TRO and Preliminary Injunction. (Doc. 114.)

The Court denied Defendants' Motion to Dismiss (Doc. 51) on April 19, 2016, as moot in light of Plaintiffs' Amended Complaint (Doc. 125.) The Court held a Rule 16(f) Scheduling Conference on June 1, 2016 (Doc. 133) and issued its subsequent Scheduling Order on June 24, 2016 (Doc. 135).

On August 31, 2016, Plaintiffs filed the current Motion to Dismiss their own claims against Defendants under Federal Rules of Civil Procedure 41(a)(2). (Doc. 138.) Defendants responded to Plaintiffs' Motion to Dismiss (Doc. 139), and then filed the pending Motion to Amend (Doc. 140), seeking the Courts' leave to add a claim for a declaration that Plaintiffs do not own the '003 Patent and that Defendants have not infringed on the same.

During the pendency of these Motions, Plaintiffs filed a Motion to Amend/Correct their First Amended Complaint, again seeking to remove Count I for patent infringement and Count VII for unlawful and unfair business and trade practice, and amend Count II to include an additional contract. (Doc. 159.)

## II.   LEGAL STANDARD

Under Rule 41(a)(2), an action may be dismissed at the plaintiff's request only by a court Order. A motion to dismiss under Rule 41(a)(2) is committed to the sound discretion of the Court. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). A court should freely grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant shows that they will suffer legal prejudice as a result. *Smith v. Lenches*, 623 F.3d 972, 975 (9th Cir. 2001). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, [or] some legal argument.'" *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)). For example, prejudice may be the loss of a federal forum, the right to a jury trial, or a statute-of-limitations defense. *Westlands Water Dist.*, 100 F.3d at 97. Legal prejudice does not result because the dispute remains unresolved, there is a threat of future litigation, or a plaintiff may

gain a tactical advantage by the dismissal. *Smith*, 263 F.3d at 976. Nor does the expense incurred in defending against a lawsuit amount to legal prejudice. *Westlands Water Dist.*, 100 F.3d at 97. Prejudice can, though, include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, . . . and the fact that a motion for summary judgment has been filed by the defendant." *Ratkovich v. SmithKline*, 951 F.2d 155, 158 (7th Cir. 1991).

Unless otherwise stated, a dismissal under Rule 41(a)(2) is without prejudice. While a dismissal without prejudice is the default position stated in Rule 41(a)(2), courts maintain broad discretion whether to dismiss an action with or without prejudice. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).

## III.    ANALYSIS

### A.    Voluntary Dismissal

Plaintiffs move to dismiss their claims primarily due to their decision to discontinue the prosecution of their patent claim because of economic concerns and the information received in litigating that claim—both from the Court and the Court-appointed neutral expert. (MTD at 4.) Plaintiffs contend that without Plaintiffs' patent infringement claim, this Court no longer maintains pendent jurisdiction over the remaining claims. (MTD at 4.) Further, Plaintiffs note that because their action was originally filed in federal court, this Court would not have the ability to remand the remaining claims to state court, therefore demanding dismissal. (MTD at 4-5.)

Plaintiffs argue that dismissal of their action would not prejudice Defendants as they will no longer need to defend against Plaintiffs' patent infringement claim and will suffer no tactical disadvantage from resuming the case in state court, and that Plaintiffs will stipulate to this Court's Scheduling Order (Doc. 135) being entered in that forum. (MTD at 5.) Defendants respond that they will suffer plain legal prejudice, primarily due to the time and effort expended and costs incurred in defending Plaintiffs' patent

1   infringement claim and the uncertainty that would accompany the alleged lack of

2   resolution of that patent claim. (Resp. to MTD at 2.)[2]

3       The Court will dismiss Plaintiffs' claims, but not precisely as requested. Instead,

4   the Court will dismiss Plaintiffs' patent claim with prejudice. As the parties are aware,

5   issues regarding the patent were heavily litigated before this Court—including in a full-

6   day evidentiary hearing on Plaintiffs' Motion for TRO and Preliminary Injunction, less

7   than an hour of which focused on anything other than the patent infringement claim. The

8   parties also took part in accelerated discovery pre-hearing, which was similarly focused

9   on infringement contentions. Further, dismissal with prejudice addresses, in part,

10   Defendants' contention that Plaintiffs are forum shopping and should not be permitted to

11   re-raise issues heavily litigated in a federal forum. It also addresses Defendants' concern

12   that Plaintiffs are attempting to elsewhere rectify their failure to produce claim

13   construction statements in accordance with the Scheduling Order.

14       Defendants also cite their need for a "substantive resolution" (Resp. to MTD at 7),

15   (MTA at 2), even though the unresolved nature of a claim is explicitly excluded from the

16   definition of legal prejudice. *See Smith*, 263 F.3d at 976; *Osuna v. Bank of Am.,* No. CV-

17   11-01147-PHX-GMS, 2012 WL 4887448, at *1 (D. Ariz. Oct. 15, 2012) (Ninth Circuit

18   law is clear that "the threat of future litigation is not a ground for prejudice that warrants

19   denial of a Rule 41(a)(2) motion for voluntary dismissal."); *Chavez v. Northland Grp.*,

20   No. CV-09-2521-PHX-LOA, 2011 WL 317482, at *4 (D. Ariz. Feb. 1, 2011) ("The fact

21   that dismissal is with prejudice, such that Plaintiff's claims cannot be reasserted in

22   another federal suit, supports a finding that the dismissal will cause no legal prejudice.").

23   All of Defendants' cited precedent is inapposite: the case is not close to trial; preparations

24   thus far have gone towards resolution of the infringement claim and any adverse rulings

25   by this Court have been largely directed at the claim (which will be dismissed with

26   prejudice and Defendants will not face further litigation in that regard); and motions for

27    

28   [2] Defendants' Response to Plaintiffs' Motion to Dismiss does not contain page numbers as required by Local Rule of Civil Procedure 7.1(b)(1). Accordingly, the Court refers to pages as identified in the electronic filing running header.

summary judgment have not been filed. Where the Court dismisses this claim with prejudice, Defendants will not suffer plain legal prejudice. *See Westlands Water Dist.*, 100 F.3d at 97 (finding lack of legal prejudice where plaintiffs filed a motion for voluntary dismissal within a month of failing to obtain a preliminary injunction and before defendants filed motions for summary judgment).

The remaining state law claims, however, will be dismissed without prejudice. As discussed below, the Court no longer has pendent jurisdiction after dismissing the patent claim. The parties' discovery and motion practice, as well as the preliminary injunction hearing itself, were overwhelmingly focused on issues other than of the state law claims. Litigating the unanalyzed claims in another forum—should Plaintiffs choose to refile those—does not constitute legal prejudice.

**B.    Motion to Amend**

Defendants next argue that if the Court were to grant their Motion to Amend, it would retain federal jurisdiction over the matter. (Resp. to MTD at 12; MTA at 2-4.)

Federal Rules of Civil Procedure 15(a)(2) provides a party may amend its pleading only with the opposing party's written consent or the court's leave. While the decision to grant or deny a motion to amend is within the discretion of the district court, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion[,] . . . 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities . . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citation omitted).

The liberal policy in favor of amendments, however, is subject to some limitations. The Supreme Court has established that motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure

deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman*, 371 U.S. at 182. "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Here, the Court finds undue delay, as Defendants had nearly a year to file their declaratory claim and failed to add it in previous iterations. Defendants' claim that there was "no need to seek the requested declaration" until now (MTA at 4) is unpersuasive. Defendants often, if not standardly, file the exact claim Defendants now assert in response to a patent infringement action. The Court also finds futility as Plaintiffs' infringement action is dismissed with prejudice. Further, it appears the sole reason for filing that claim is to create jurisdiction and remain in federal court. While openly admitted, and therefore not in bad faith *per se*, it is nonetheless an improper use of amendment via Rule 15(a)(2). Moreover, one of Defendants' primary contentions—that disallowing amendment would thrust the action into legal limbo without resolution—is not present when, as here, the patent claim is dismissed with prejudice. Defendants also fail to provide any authority holding that an attempt to maintain the *status quo*—both in terms of posture and forum—is a proper use of Rule 15(a)(2).

Even were this Court to allow Defendants' amendment post-dismissal of Plaintiffs' patent claim and retain jurisdiction over Defendants' counterclaim for declaratory judgment, "'the question in each case is whether the facts alleged, under all circumstances, show that there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The party who claims declaratory judgment jurisdiction bears the burden of showing that "such jurisdiction existed at the time the claim for declaratory relief was filed and that it *has continued since*." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344

(Fed. Cir. 2007) (citing *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974) (emphasis added)).

Following the dismissal of Plaintiffs' patent claim with prejudice, there is no longer a substantial patent infringement controversy between the parties. While Defendants make much of the existence of a live controversy, dismissing Plaintiffs' patent-based claim with prejudice—in accordance with the first-filed Motion to Dismiss, and prior to even deciding Defendants' Motion to Amend—extinguishes that controversy. As a result, the controversy will not recur, and a declaratory judgment is not warranted. *MedImmune*, 549 U.S. at 127. Further, as Plaintiffs note, the Declaratory Judgment Act is not an independent basis for federal jurisdiction and the validity and alleged infringement of Plaintiffs' patent are the only bases for a federal remedy in this action. (Reply at 6 (citing *Navajo Nation v. Peabody Coal Co.*, No. CIV-93-2342-PCT-SMM, 2009 WL 806636, at * 10 (D. Ariz. Mar. 26, 2009)).) This serves as an independent reason to deny Defendants' Motion to Amend.

### C.    Pendent Jurisdiction

Defendants contend that even if Plaintiffs' patent infringement is dismissed, and their Motion to Amend denied, this Court should retain the claims, continuing to exercise supplemental jurisdiction over the state law actions. (Resp. to MTD at 8-12.) Defendants urge this Court to retain jurisdiction based on judicial economy, convenience, and fairness. (Resp. to MTD at 8.) Because the Court no longer has federal jurisdiction, and otherwise lacks diversity jurisdiction, the Court must decide whether to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. 28 U.S.C. §§ 1367(c)(3), 1331, 1367(a); 35 U.S.C. §§ 281, 1332(a)(1).

"'The district courts may decline to exercise supplemental jurisdiction over a claim . . . if  . . . the district court has dismissed all claims over which it had original jurisdiction.'" *Martin v. Kamalu-Staggs*, 87 F.3d 1320 (9th Cir. 1996) (citing 28 U.S.C. § 1367(c)(3)). Indeed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Accordingly, unless "considerations of judicial economy, convenience and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Considering these factors, the Court declines to exercise supplemental jurisdiction here. First, comity strongly favors declining jurisdiction, as Plaintiffs would now proceed exclusively on state law breach of contract, breaches of the implied covenant of good faith and fair dealing, conversion, unjust enrichment, tortious interference with contractual relations, unlawful and unfair business trade practices, and civil conspiracy claims. Defendants' counterclaims will also be decided solely based on state law. Second, judicial economy similarly favors declining jurisdiction, as the proceedings before this Court have largely, if not exclusively, focused on the patent infringement claim and the Court has not performed any substantive legal analysis of the remaining state law claims. Lastly, considerations of convenience and fairness do not favor exercising supplemental jurisdiction; given the early stage of the state law claims' litigation, proceeding in state court would not be unduly inconvenient or unfair to Defendants. *See Cohill*, 484 U.S. at 351 ("When the single federal-law claim in the action was eliminated at an early stage in the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."). Because the balance of factors disfavor exercising supplemental jurisdiction, the Court declines to do so here.

Defendants' cited precedent for the proposition that this Court can maintain jurisdiction over purely state claims without diversity jurisdiction after dismissing the federal subject matter claim are easily distinguishable as the parties partook in expedited discovery almost solely focused on the patent infringement claim and have not presented the remaining claims to the Court, for settlement or otherwise. Plaintiffs' cited cases are

far more analogous and further warrant restraint in exercising supplemental jurisdiction. (MTD Reply at 2-3 (citing *Westlands Water Dist.*, 100 F.3d 94; *Navajo Nation*, 2009 WL 806636, at * 10; *Smith*, 263 F.3d 972).) Moreover, Defendants' driving concern, as discussed above—that Plaintiffs are attempting to forum shop (Resp. to MTD at 7-8)—is not borne out by the focus of the litigation to this point. What is borne out by litigation tactics to this point is that Defendants are employing them to try and remain in federal court by attempting to create subject matter jurisdiction. Defendants had nearly a year to file a declaration action counterclaim, but waited until the day of their Response to Plaintiffs' Motion to Dismiss to do so. Indeed, Defendants, who describe their Motion to Amend as "recently filed" in their response to Plaintiffs' Motion to Dismiss (Resp. to MTD at 12), in-fact filed that Motion *after* their Response. This course of conduct and characterization implies improper litigation tactics and forum shopping far more than any of Plaintiffs' alleged conduct. Defendants admit their desire for the case to remain in a federal forum in their Motion to Amend (MTA at 2), while the Plaintiffs state that, should the Court continue to exercise jurisdiction over their state law claims, Plaintiffs are "more than happy to litigate those claims in this Court." (Reply at 5).

Accordingly, absent exceptional circumstances, it is "generally preferable" for district courts to decline exercising supplemental jurisdiction when the state law claims are dismissed before trial. *Harrell v. 20th Cent. Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). The Court will do so here.

### D.   Attorneys' Fees and Costs

Defendants contend that if this Court dismisses any claims, it should award Defendants the reasonable attorneys' fees and costs they have incurred in defending the dismissed claims. (Resp. to MTD at 12.) Plaintiffs respond that they not did bring their patent infringement action in bad faith and that there is no basis for such a finding. (MTD Reply at 9.) Indeed, the payment of fees is not a prerequisite to a Rule 41(a) dismissal. *Stevedoring Servs. Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) ("no circuit court has held that payment of the defendant's costs and attorney fees is a

prerequisite to an order granting voluntary dismissal"). Additionally, the Ninth Circuit has held that Rule 41(a)(2) "in itself is not 'specific statutory authority' for the imposition of sanctions against an attorney." *Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir. 1993) (quoting *Harris v. Marsh*, 679 F. Supp. 1204, 1371 (E.D.N.C. 1987)). "Given the presumption that an attorney is generally not liable for fees unless that prospect is spelled out, it would be incongruous to conclude from the broad language of [Rule] 41(a)(2) that an attorney could be sanctioned by authority of this rule alone." *Heckethorn*, 992 F.3d at 242. Thus, the Court would normally require an independent basis to impose fees and costs as a condition of voluntary dismissal. *Id.* Other courts within this Circuit have agreed. *See, e.g.*, *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993) ("Since the . . . cause of action has been dismissed with prejudice, costs and attorney fees cannot be awarded to Defendants because there is no future risk of litigation," but noting that sanctions could be imposed under Federal Rule of Civil Procedure 11); *see also Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006) ("if the dismissal is with prejudice, attorney fees maybe imposed under Rule 41(a)(2) only in exceptional circumstances") (internal quotation omitted). No exceptional circumstances warrant such sanctions here.

As Plaintiffs note, the Court has already assessed Plaintiffs with a portion of the costs and expenses incurred by Defendants in defending against Plaintiffs' patent infringement claim. (Doc. 126.) Further, this Court does not find that Plaintiffs acted in bad faith or unfairly in bringing their patent claim or that there is evidence of gross injustice or fraud warranting attorneys' fees or costs; Plaintiffs have alleged since the lawsuit's inception that this action was their only recourse to determine infringement. Defendants have not provided any other independent authority under which this Court may impose sanctions. Nor have Defendants even alleged gross injustice, fraud, or clear-wrong doing. *See Maurice A. Garbell, Inc. v. Boeing Co.*, 546 F.2d 297 (9th Cir. 1976) (noting attorneys' fees in patent cases may be involved only upon a finding of bad faith, or inequitable conduct which would make it grossly unjust for a party to be left with

litigation expenses). To the degree Defendants wish to recover fees and costs based on the claims dismissed without prejudice, their ability to do so is not hindered by this dismissal. *See Long v. Ford Motor Co.*, No. CV 07-2206-PHX-JAT, 2009 WL 2365242, *1, n.3 (D. Ariz. July 29, 2009) (Defendants can later file "for attorneys' fees and costs incurred in this case if Plaintiffs" bring the same claims in a different court or forum.").

## IV.    CONCLUSION

Although Defendants offer several arguments attempting to convince this Court to deny Plaintiffs' Motion, grant theirs, or otherwise maintain jurisdiction over this action, Defendants state they would not object to dismissal of Plaintiffs' claims with prejudice. (Resp. to MTD at 13.) As to the patent claim, Defendants receive their desired outcome and resolution of that action, even without the Court granting their Motion to Amend or entering judgment on the merits of their new proposed Counterclaim. As to the other, as yet litigated claims, Defendants do not. Nonetheless, as the Court no longer has jurisdiction over the remaining claims and cannot remand the state law claims originally filed in federal court, those claims are dismissed without prejudice.

**IT IS THEREFORE ORDERED** granting in part and denying part Plaintiffs' Motion to Dismiss (Doc. 138); Count I is dismissed with prejudice; all other Counts are dismissed without prejudice.

**IT IS FURTHER ORDERED** denying Defendants' Motion for Permission to Amend (Doc. 140).

**IT IS FURTHER ORDERED** denying Plaintiffs' Motion to Amend/Correct (Doc. 159) as moot.

**IT IS FURTHER ORDERED** denying all other pending motions in this action as moot.

. . . .

. . . .

. . . .

. . . .

- 12 -

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment consistent with this Order and close this case.

Dated this 2nd day of November, 2016.

Honorable John J. Tuchi
United States District Judge